SLOAN et al. v. KANSAS CITY STATE BANK et al., Appellants.

(No. 1.)

Division One, November 12, 1900.

For the reasons governing a proper disposition of this case, see Cox v. Sloan, page 411 of this volume.

Appeal from Cass Circuit Court.—*Hon. W. W. Wood,* Judge.

REVERSED.

*D. B. Holmes* and *R. T. Railey* for appellants.

*J. T. Burney* and *R. H. Field* for respondents.

MARSHALL, J.—This is a suit in equity instituted by S. A. Sloan and Chris Goodson (the latter has since died and the suit revived in the name of R. H. Ross, his administrator) as stockholders, directors and creditors of the Farmers and Merchants Bank of Creighton, against the Kansas City State Bank, W. O. Cox and D. B. Wallis assignee of the Creighton bank.

The petition is as follows:

"Plaintiffs state that at the time hereinafter mentioned and now, the Kansas City State Bank is a corporation organized under the laws of Missouri, and doing business in the county of Jackson, and State of Missouri, and the said W. O. Cox is and has been its president and agent. That the Farmers

& Merchants Bank, of Creighton, is also a corporation, organ-ized under the laws of the State of Missouri, and was doing business in the county of Cass and State of Missouri about the thirtieth day of September, 1895, when it became financi-ally embarrassed and made a general assignment for the benefit of all its creditors to the defendant, D. B. Wallis, who was then and for a long time had been its cashier.

"Plaintiffs state that they were and are interested in said Creighton bank as stockholders and directors and creditors; that the said Goodson owns stock in the same of the par or face value of $1,000 and at the time of the closing thereof he had on deposit therein to his credit the sum of $577.25, all of which is still due and unpaid; that the said Sloan owns stock in the same of the par value of $4,500 and at the time of the closing thereof he had on deposit to his credit the sum of $2,993.80, all of which is still due and unpaid.

"For their cause of action and complaint in this suit plaintiffs state that the management and credit of the said Farmers & Merchants Bank, of Creighton, has for many years been to a large extent in the hands of defendant, D. B. Wallis, its cashier; that said Wallis was the active business head of said incorporation, performing the duties of cashier, keeping the books of said bank and carrying on its business generally according to his own ideas and without consulting or advising with the other officers on the board of directors of said institution; that many of the transactions of said cashier were without the knowledge or consent of said officers and were willfully and purposely concealed from them, so that neither these plaintiffs nor the other officers of the said Creighton bank knew of its failing condition until about the time it failed and ceased to do business as above stated. That sometime in the year 1893, the said defendant, Wallis, as cashier aforesaid, obtained a loan from the Kansas City State Bank to the amount of $20,000, for the use of said

Creighton bank, and executed its note or notes for the same to said payee, or some of its officers for its benefit (plaintiffs are unable to state which) ; and that said indebtedness at least in part, as plaintiffs are informed, remained unpaid at the time of the closing of said Creighton bank.   That defendant, D. B. Wallis, together with his brother, I. D. Wallis, also borrowed from said Kansas City State Bank, in the year 1893, the sum of $15,000 for their individual use, and for which they executed their note or notes to said corporation payee, or to one of its officers for its use and benefit and for which loan the said defendant Wallis, and brother, executed several notes from time to time; that the money so borrowed by said defendant Wallis and his brother was used by them for their own private purposes; and the said Creighton bank received no benefit therefrom, nor did it have any knowledge or connection with, or assume any liability, on account of said loan; that the name of said Creighton bank was indorsed upon the back of said Wallis notes without its authority. That afterwards, at what date these plaintiffs are unable to state, the said bank of Creighton out of its own money sent to the Kansas City State Bank the sum of $5,000 which should have been applied on the $20,000 note of said Creighton bank, but which was wrongfully and without the knowledge or consent of plaintiffs or said last named bank through the connivance of said defendant Wallis, applied as a credit on the note of said Wallis and his brother, I. D. Wallis, thereby reducing their note to the sum of $10,000.   That the payment of said sum of $5,000 ought properly to have gone to reduce the indebtedness of said Creighton bank, but was sent to defendant bank and applied as aforesaid wrongfully, illegally and without the consent or knowledge of said indebted bank or of these plaintiffs.

"Plaintiffs further state that at sometime between the Vol. 158 mo—28

borrowing of the $20,000, by said Creighton bank, in 1893, and the closing of the said bank in 1895, there were large numbers of promissory notes owned and payable to said last named corporation amounting to about $21,000 turned over by said Wallis to the Kansas City State Bank as collateral security for the payment of the note or notes due to said last named bank from the Creighton bank aforesaid; that these plaintiffs are unable to state the amounts or give a description of said notes so turned over as collateral security, for the reason that plaintiffs have not access to the books of either of said banks and have no means of ascertaining with accuracy the particulars in regard thereto but plaintiffs are informed and they allege that there have been about $12,000 or more of said collateral notes collected by said Kansas City State Bank and which it has filed and neglected to credit on the indebtedness of said Creighton bank as aforesaid.

"Plaintiffs further state that in the months of June, July and August and September, 1895, the said defendant bank, acting in concert with the said D. B. Wallis, but without the knowledge or consent of the plaintiffs or of the bank of Creighton aforesaid, or of the board of directors, did illegally and wrongfully take and convert to its own use a large number of notes of said Farmers & Merchants Bank, the assets and property of said last named corporation, the particular description of which said notes are unknown to plaintiffs, but plaintiffs are informed and so charge that said notes so wrongfully taken and converted did amount in face value to about the sum of $30,000, of the value of $30,000.

"That the notes of the bank of Creighton taken and kept by said Kansas City State Bank amount in all to the face value of $51,535.72 and are particularly described and set out in a statement hereto, attached and herewith filed and marked "exhibit A." But as to when said notes were taken by defendant bank plaintiffs can not state particularly, for the

reason that they have not the means of knowledge at their command, and the transaction was without their knowledge at the time.

"Plaintiffs further state that on or about the sixteenth day of July, they being in ignorance of the true state of the business of said bank, and being informed by the said cashier, Wallis, and one Adams, the agent of the Kansas City State Bank, and W. O. Cox, the defendants herein, that the said Creighton bank was in debt to the Kansas City State Bank in the sum of $21,000 and believing said statement to be true and relying thereon, they made and executed their separate promissory notes to W. O. Cox, trustee for said last named bank, he being the president thereof, and delivered said notes to said payee as collateral security for the payment of the said note of the bank of Creighton, and for no other consideration whatever. That the note so executed by Chris. Goodson was for the sum of $10,000, due six months after its date, with eight per cent interest per annum; and the notes so executed by said S. A. Sloan were of the same date, July 16, 1895, one for $6,000 and one for $4,000 each due six months after date, with eight per cent interest from date. That no consideration passed for the execution and delivery of said notes or either of them in any manner, except as above stated; that they were to be held as collateral security for the indebtedness of the Creighton bank as aforesaid, the said plaintiff then fully believing and relying upon the statements of defendant Wallis, and the agent of W. O. Cox, as to the amount of said indebtedness and being at the time in ignorance of the facts herein above stated. That a short time ago the said W. O. Cox brought suits in this court against these plaintiffs on the promissory notes so executed by them to said Cox, as collateral security, for the full amount thereof, without allowing any of the credits due on the same as above set forth and stated herein, the suit against Chris. Goodson

having been filed April 3, 1897, and the suit against S. A. Sloan having been filed on April 5, 1897, both in this court, in causes entitled respectively W. O. Cox, trustee, v. Chris. Goodson et al., and W. O. Cox, trustee, v. S. A. Sloan.

"Plaintiffs further state that the said defendant, D. B. Wallis, as assignee, did, without plaintiff's knowledge or consent, in the allowance of claims and demands against the Farmers & Merchants Bank, of Creighton, disregard his duties as trustee and assignee and for the purpose of defrauding the creditors and stockholders of said last named bank, and unlawfully and illegally did allow, as an indebtedness and demand against said Creighton bank, the sum of $10,000 due from himself and brother, I. D. Wallis, to the said Kansas City State Bank, although the said Creighton bank was in no manner legally or equitably liable therefor. And in furtherance of the conspiracy between the said assignee, Wallis, and said defendant bank, its agents and officers, formed and thus executed, of defrauding the stockholders and depositors of said Creighton bank, including these plaintiffs, the said assignee and said defendant bank concealed the fact of the allowance of said Wallis note from plaintiffs and the other officers of said Creighton bank, and such fact did not become known to any of the officers of said Creighton bank, except said Wallis, till several months after such allowance had been made, and for that reason plaintiffs made no appeal from said allowance. That by said action said assignee was and is guilty of misconduct in his said office and position of assignee, and the said assignee is in other respects mismanaging the funds of said assigned bank, and is wholly unfit to perform the duties of assignee thereof. Plaintiffs state that they have not access to the books of either of the banks above named, nor of the papers connected with the matter above referred to, and for this reason they are unable to state with accuracy the particulars and dates of the

transactions herein referred to, but they aver that the defendants have the means of information in regard to the particulars of all these transactions at their command and under their control.    That because of the relations aforesaid between the defendants or from some other cause or causes, the defendant bank and Cox have and exercise such an undue and unjust influence over the defendant Wallis, that he has not asserted and will not assert the rights of the Creighton bank, its stockholders and creditors as against said defendants.

"Plaintiffs therefore pray the court, 1st, to remove said D. B. Wallis from his trust as assignee of the Farmers & Merchants Bank, of Creighton, and appoint some suitable person to act as such assignee in his stead; 2d, to set aside the allowance of the note of D. B. Wallis and his said brother above described, which was allowed as aforesaid, and declare such allowance void; 3d, to require the said Kansas City State Bank to make an accounting of all the transactions between said Wallis and said last named bank, and also between the Kansas City State Bank and the Creighton bank aforesaid, in reference to the matters and things herein referred to, including a statement of the dates when it received payments on any of the indebtedness due it as aforesaid from said Creighton bank, a list of the notes procured by it from said Wallis as collateral security for the Creighton bank debt aforesaid, or otherwise; and a full statement of all sums collected thereon, and the dates of such collections and from whom collected; 4th, to require the $5,000 payment so made as aforesaid by said Creighton bank to be credited properly on its indebtedness at the time of the payment; 5th, to require a full settlement and adjustment of the rights of said banks as between each other, and if said indebtedness of the said Creighton bank has been fully paid, as plaintiffs aver it has been, to require the defendant bank to turn back to plaintiffs or to any other proper person all property, notes and securities

belonging to said Creighton bank, or give judgment against the defendants for the value of the same; 6th, to make an order enjoining and restraining the prosecution of the suits and each of them above mentioned by W. O. Cox, trustee, plaintiff, against these plaintiffs in this court, until a full adjustment of the rights of all the parties hereto have been ascertained and determined; and for such other and further relief as may be right and proper in the premises."

The answer is a general denial.

The case was tried with and submitted upon the same evidence as the case of Cox, trustee, Appellant v. Sloan, found on page 411 of this volume. During the progress of the case D. B. Wallis resigned as assignee of the Creighton bank, and J. M. Coe was appointed in his stead.

The decree of the court was that the collaterals were pledged to the Kansas City State Bank without the authority of the board of directors; that the proceeds of such collaterals pledged before July 15, 1895, be taken off from the Wallis notes and applied on the $12,000 and $9,000 notes; that there was a balance of $4,546.88 due on the $12,000 and $9,000 notes, and that upon the payment by plaintiffs of that balance to the Kansas City State Bank or to the clerk of the court for its benefit the $12,000 and $9,000 notes and the $6,000 and $4,000 notes made by Sloan and the $10,000 Goodson note and all collateral notes received by the Kansas City State Bank from the Creighton bank prior to July, 1895, be turned over to the court by the Kansas City State Bank; that certain collateral notes turned over to the Kansas City State Bank by the cashier of the Creighton bank on September 30, 1895. and the proceeds of a part thereof amounting to $661.50, had been turned over to the assignee of the Creighton bank. by the Kansas City State Bank; that all the other issues were found for the defendants.

The decree is clearly erroneous in holding that the

cashier of the Creighton bank, before June 21, 1895, pledged the collaterals to the Kansas City State Bank without authority and in ordering their return.    Such as were pledged after June 21, 1895, had already been returned by the Kansas City bank to the assignee of the Creighton bank, and therefore are no longer a matter of controversy in this case.    The cashier had the same power to pledge the collaterals that he had to contract the debt evidenced by the $12,000 and $9,000 notes, and the validity of those notes is admitted and decreed.

The merits of this controversy otherwise than as above referred to are fully determined by the decision in Cox appellant v. Sloan, *supra,* and the facts and testimony being the same in both cases and in fact both cases having come here on the same transcript it is unnecessary to review the matter again.    The decree of the circuit court is erroneous for the reasons given in Cox v. Sloan, *supra,* and is therefore reversed.    All concur.